

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00330-CR

---

ENRIQUE RIOS, JR., APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 222nd District Court
Deaf Smith County, Texas
Trial Court No. CR-2023D-058, Honorable Roland D. Saul, Presiding

---

August 14, 2025

MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Appellant, Enrique Rios, Jr., appeals his conviction for the offense of robbery[1] with the punishment range enhanced by a prior felony conviction[2] and resulting sentence of twelve years' incarceration and $2,000 fine. Appellant contends that the evidence is insufficient to support his conviction and that the trial court violated his right to present a

---

[1] *See* TEX. PENAL CODE ANN. § 29.02.

[2] *See id.* § 12.42(b).

complete defense by excluding certain evidence. We modify the judgment and affirm it as modified.

## BACKGROUND

In the early morning of March 9, 2022, Santos Garcia, a native of Guatemala who was not a legal resident of the United States, met with April Medeles and made arrangements to pay her money to have sex with another woman. Medeles directed Garcia to follow her to a residence. At the residence, Garcia entered a bedroom where the woman in the room requested him to remove his pants. Garcia removed his boots and pants while the woman turned off the bedroom light. One of the women took Garcia's pants, which contained his wallet and keys. Almost immediately after Garcia removed his pants, Appellant, who was armed with a handgun, entered the bedroom and ordered Garcia to leave. Garcia fled the residence wearing only his boxers and a shirt. Upon reaching a safe distance, Garcia called his friend, Cecilia Garza, for help. When Garza arrived, they reported the incident to police.

Appellant was eventually arrested and charged with the offense of aggravated robbery with a deadly weapon.[3] At trial, Medeles testified that the plan to rob Garcia was devised by herself, the woman Garcia was to have sex with, and another woman. While not part of the planning of the robbery, Medeles testified that she offered to pay Appellant if he would scare Garcia away from the residence after the robbery was completed. Garza testified about what she observed that night after Garcia called her. During her testimony, she began to discuss a "U visa" program, which purportedly grants a visa to nonresidents

---

[3] *See* TEX. PENAL CODE ANN. § 29.03(a)(2).

2

who have been the victim of a violent crime. The State objected to this testimony and, after discussions outside of the presence of the jury, the trial court sustained the objection. The jury ultimately returned a verdict finding Appellant not guilty of the charged offense of aggravated robbery with a deadly weapon, but guilty of the lesser-included offense of robbery. Appellant timely filed the instant appeal.

## EVIDENTIARY SUFFICIENCY

By his first issue, Appellant contends that the evidence at trial was insufficient to establish that he intended to deprive the victim of his property. Specifically, he argues that "there is no evidence to establish he knew of or was part of any plan to unlawfully deprive the complaining witness of property."

In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a factfinder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (Cochran, J., concurring). When reviewing all the evidence under the *Jackson* standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906–07 n.26. In our review, we defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See id.* at 899.

3

We must evaluate all the evidence in the record, both direct and circumstantial, regardless of whether that evidence was properly or improperly admitted. *Jenkins v. State*, 493 S.W.3d 583, 599 (Tex. Crim. App. 2016). When the record supports conflicting inferences, we presume that the jury resolved any conflicts in favor of the verdict and will defer to that determination. *Merritt v. State*, 368 S.W.3d 516, 525–26 (Tex. Crim. App. 2012). Finally, we measure the sufficiency of the evidence against the elements of the offense as defined by a hypothetically correct jury charge for the case. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).

Appellant was convicted of the offense of robbery. A person commits the offense of robbery "if, in the course of committing theft . . . and with intent to obtain or maintain control of the property, he . . . intentionally or knowingly threatens or places another in fear of imminent bodily injury or death." TEX. PENAL CODE ANN. § 29.02(a)(2). A person commits theft "if he unlawfully appropriates property with intent to deprive the owner of property." *Id.* § 31.03(a). In the present case, the State sought to prove Appellant's guilt under the law of parties. *See id.* § 7.02(a)(2), (b). A person is criminally responsible for an offense committed by the conduct of another if, acting with intent to promote or assist the commission of the offense, he solicits, encourages, directs, aids, or attempts to aid the other person to commit the offense. *Id.* § 7.02(a)(2). Similarly, if, in the attempt to carry out a conspiracy to commit one felony, another felony is committed by one of the conspirators, all conspirators are guilty of the felony actually committed, though having no intent to commit it, if the offense was committed in furtherance of the unlawful purpose

4

and was one that should have been anticipated as a result of the carrying out of the conspiracy. *Id.* § 7.02(b).

Appellant does not contest that the evidence established that he was paid to scare Garcia away from the property. He also does not contest that his actions were in furtherance of the commission of the robbery of Garcia. Rather, he argues that he was unaware of the plan by the conspirators to rob Garcia at or before the crime was committed. However, Medeles, one of Garcia's robbers, testified that Appellant knew of the plan to rob Garcia prior to his actions to scare Garcia away from the residence.[4] Thus, contrary to Appellant's contention, there is record evidence that Appellant had knowledge of the planned robbery and acted with the intent to assist the commission of the offense by scaring Garcia away from the property. *See Rodriguez v. State*, 521 S.W.3d 822, 828 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (to prove defendant's liability as party, State must prove defendant knowingly assisted in commission of the offense). In addition, the record establishes that Appellant was paid for his participation in the robbery when the conspirators met after the crime was committed. *Id.* (in assessing whether defendant was party to offense, we may consider events before, during, and after its commission). The jury was entitled to believe the testimony of Medeles and to draw reasonable inferences as to Appellant's knowledge of the conspiracy to rob Garcia based on the totality of the evidence. *See Braughton v. State*, 569 S.W.3d 592, 608 (Tex. Crim. App. 2018) (jury is sole judge of weight and credibility of evidence and reasonable inferences from the totality of evidence are entitled to deference). Because we conclude

---

[4] Immediately after questioning Medeles about who had knowledge of the plan to rob Garcia, the prosecutor asked her "[a]nd did [Appellant] have knowledge at the time you were talking to him and offering him money to scare off [Garcia]?" Medeles responded in the affirmative.

that sufficient evidence establishes that Appellant knew of the plan to rob Garcia and acted with an intent to aid in the commission of the crime, we overrule Appellant's first issue.

## EXCLUSION OF EVIDENCE

By his second issue, Appellant contends that the trial court violated his Sixth Amendment right to present a complete defense by preventing him from inquiring into Garcia's motivation to fabricate his allegation that he was the victim of a crime.[5] The State responds arguing that the trial court did not abuse its discretion in excluding the testimony about which Appellant complains.

We review a trial court's decision on the admissibility of evidence under an abuse of discretion standard. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). A trial court abuses its discretion when its decision falls outside the zone of reasonable disagreement. *Id*. If the trial court's evidentiary ruling is correct under any applicable theory of law, it will not be disturbed even if the trial court gave a wrong or insufficient reason for the ruling. *Id*.

The constitutional right to present a complete defense is "qualified by the requirement that the evidence be relevant and not excluded by an established evidentiary rule." *Davis v. State*, 313 S.W.3d 317, 329 n.26 (Tex. Crim. App. 2010). "A bedrock

---

[5] While Appellant couches his appellate argument in terms of a violation of his Sixth Amendment rights, this argument does not comport with his contention at trial. To preserve error for appellate review, the issue on appeal must comport with the objection made at trial. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). This is true even when the error may concern a constitutional right of the defendant. *Fuller v. State*, 253 S.W.3d 220, 232 (Tex. Crim. App. 2008). Consequently, we will review the trial court's exclusion of evidence for abuse of discretion relating to its ruling that the evidence in question was not relevant and was hearsay.

condition of admissibility of evidence in any legal contest is its relevance to an issue in the case—that is to say, its tendency to make a fact of consequence to determination of the action more or less probable." *Tienda v. State*, 358 S.W.3d 633, 638 (Tex. Crim. App. 2012).

In the present case, Appellant began questioning Garza, a friend of Garcia, about her knowledge of a "U visa" program, a program under which she claimed that a nonresident could be given residency if he had been the victim of violent crime. The State took Garza on voir dire during which she admitted that she never informed Garcia about the "U visa" program "in any way . . . ." Garza testified that she discussed the "U visa" program with a person who was helping Garcia with his immigration paperwork, but she never discussed the program with Garcia. After sustaining the State's hearsay objection, the trial court also noted that the testimony was not relevant. The trial court advised Appellant that he could recall Garza if he established that Garcia had personal knowledge of the "U visa" program. Notably, Appellant never inquired into Garcia's knowledge of the "U visa" program or any other visa program. Since Garza specifically testified that she did not inform Garcia of the "U visa" program and no evidence was otherwise elicited that he was aware of any such program, we fail to see the relevance of the testimony. Consequently, we cannot conclude that the trial court abused its discretion in excluding Garza's testimony.[6] We overrule Appellant's second issue.

---

[6] Even after the trial court excluded this evidence, in his closing argument, Appellant contended that Garcia had a motive to fabricate this crime to get a visa, which would allow him to stay in this country. *See Potier v. State*, 68 S.W.3d 657, 666 (Tex. Crim. App. 2002) (en banc) ("That [the defendant] was unable to . . . present his case to the extent and in the form he desired is not prejudicial where, as here, he was not prevented from presenting the substance of his defense to the jury.").

## MODIFICATION OF JUDGMENT

Although not raised by Appellant, the judgment incorrectly states that Appellant was convicted under section 29.03 of the Texas Penal Code. The jury's verdict expressly found Appellant not guilty of aggravated robbery, the offense described in section 29.03. Rather, the jury found Appellant guilty of the lesser-included offense of robbery, which is described in section 29.02. *Compare* TEX. PENAL CODE ANN. § 29.02 *with* § 29.03. In addition, the judgment identifies the "degree of offense" as a "1st degree felony w/ enhancement." The offense of robbery is a second-degree felony. *Id.* § 29.02(b). Based on Appellant's previous final conviction for felony DWI, the applicable punishment range was enhanced to that of a first-degree felony. *Id.* § 12.42(b). But the judgment is in error when it states that Appellant was convicted of a first-degree felony. A court of appeals has the authority to correct and reform a judgment to make the record speak the truth when it has the information to do so. *Mayo v. State*, 690 S.W.3d 103, 109 (Tex. App.—Amarillo 2024, pet. ref'd) (op. on reh'g). Accordingly, we modify the judgment to identify the "statute of offense" to be section 29.02 of the Texas Penal Code and the "degree of offense" to be second degree.

## CONCLUSION

We modify the judgment to identify the "statute of offense" as Texas Penal Code section 29.02 and the "degree of offense" as a second-degree felony. As modified, we affirm the judgment of the trial court.

Judy C. Parker
Justice

Do not publish.

8